CRUICKSHANK BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10703.   Promulgated March 23, 1928.

*James J. Dyer, C. P. A.*, for the petitioner.
*J. G. Gibbs, Esq.*, for the respondent.

OPINION.

PHILLIPS: It is contended by petitioner that the additional tax of $3,478.04 for 1917 was not determined and assessed until November, 1919; that it did not become due and payable until such time, and that invested capital was therefore improperly reduced. It would be sufficient to point out that there is no proof of the fact on which the question of law is based, namely, the date of assessment. This question, however, has already been decided adversely to the contention of petitioner in a number of decisions based on *United States* v. *Anderson*, 269 U. S. 422; 5 Am. Fed. Tax Rep. 5674, and *Nichols* v. *Sylvester Co.*, 16 Fed. (2d) 98; 6 Am. Fed. Tax Rep. 6396. See *Crabtree Co.* v. *Commissioner*, 5 B. T. A. 732, and cases cited; *Appeal of the Hof Brau Co.*, 6 B. T. A. 442. The same situation applies to the reduction of invested capital for 1920 by the unpaid portion of the 1918 tax amounting to $50,019.35.

It was originally claimed that invested capital for 1920 was improperly reduced by the preceding year's tax, prorated from the date when payment became due, but it is now conceded that this adjustment is proper under section 1207 of the Revenue Act of 1926. *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

The remaining question arises by virtue of the retroactive feature of the Revenue Act of 1918 which became a law on February 24, 1919. This Act was retroactive to January 1, 1918. It required that taxpayers who kept their accounts on a fiscal year basis should file their returns on that basis on or before the fifteenth day of the third month following the close of the fiscal year. (Section 227 (a)). On this basis petitioner's return for the fiscal year ended August 31, 1918, was due November 15, 1918. Since the law was not enacted until February 24, 1919, it was obviously impossible for petitioner to have filed its return earlier. Under regulations issued by the Commissioner, the time for filing such returns was fixed at March 15, 1919. The petitioner claims that under section 250 (a) the first installment then became due on March 15, 1919, and the remaining three installments at intervals of three months and urges that the Commissioner erred in determining that one-half of the tax should be deducted from invested capital as of February 25, 1919, one-fourth as of May 15, 1919, and one-fourth as of August 15, 1919.

Section 250 (a) of the 1918 Act provided:

Where an extension of time for filing a return is granted the time for payment of the first installment shall be postponed until the date of expiration of the period of the extension, but the time for payment of the other installments shall not be postponed unless the Commissioner so provides in granting the extension.

It does not appear that any extension of time for the payment of these taxes was granted this petitioner. We are therefore of the opinion that the petitioner's claim is without merit.

In *Nichols* v. *Sylvester Co.*, *supra*, the Circuit Court of Appeals, First Circuit, had a similar question which arose because of the retroactive feature of the Revenue Act of 1917. While the situation presented here may vary in some degree because of the more explicit terms of the 1918 Act, the reasoning of the opinion of the court is applicable and would lead to the result which we have reached here.

*Decision will be entered for the respondent.*